UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

HECTOR CARABALLO,

        Plaintiff,

v.

CC&S CORPORATION and
RICHARD DIAZ,

        Defendants.

------------------------------------------------------------x

06 CV 3265

INDEX NO. 13240/2006

VERIFIED ANSWER

*PLEASE TAKE NOTICE*, that defendants, CC&S Corporation and Richard Diaz (hereinafter "Defendants"), by its attorneys, St. John & Wayne, L.L.C., upon information and belief, answers the Verified Complaint as follows:

    1.    Defendants deny any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the Plaintiff's Verified Complaint designated as follows: 1, 7, 13, 14.

    2.    Upon information and belief, Defendants deny each and every allegation in the paragraphs of the Plaintiff's Verified Complaint designated as follows: 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 15, 16, 17, 18, 19.

*WHEREFORE*, the Defendants demand judgment dismissing all counts in Plaintiff's Verified Complaint against Defendants, and for an award for costs, attorneys' fees and such relief that the Court deems just and equitable.

*PLEASE TAKE FURTHER NOTICE*, that the following affirmative defenses are set forth as follows:

762935-1

## FIRST AFFIRMATIVE DEFENSE

The amount recoverable shall be diminished in the proportion which the culpable conduct attributed to the Plaintiff bears to the culpable conduct which caused the damages including, but not limited, to Plaintiff's contributory negligence and/or assumption of the risk.

## SECOND AFFIRMATIVE DEFENSE

There is no personal jurisdiction over the defendants (as service of process has not been personally made within the State of New York nor pursuant to statutory authority).

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff did not suffer any serious injury as defined by Section 5102 of the Insurance Law of the State of New York, nor has the Plaintiff sustained any economical loss as defined in Section 5102 and 5104 of the Insurance Law of the State of New York.

## FOURTH AFFIRMATIVE DEFENSE

In the event that Plaintiff herein has made a claim for no-fault benefits and has submitted any dispute he may have had to arbitration, then the decision of the arbitrator as to any and all issues decided by said arbitrators, shall collaterally estop the Plaintiff in this lawsuit.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiff does not demonstrate that the harm allegedly resulting harm was proximately caused by any alleged incident.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Verified Complaint fails to state a claim for relief upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

The within action is barred by the applicable Statute of Limitations.

762935-1

### EIGHTH AFFIRMATIVE DEFENSE

Any alleged act or omission of this answering defendant with respect to the subject product is not causally related to the accident sustained by the plaintiff or the injuries allegedly resulting therefrom.

### NINTH AFFIRMATIVE DEFENSE

The alleged occurrence was caused by superseding and intervening conditions over which these answering defendants had no control.

### TENTH AFFIRMATIVE DEFENSE

The liability of these answering defendants is limited under the terms of Article 16 of the C.P.L.R.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff was not wearing a seatbelt at the time of the alleged occurrence and accordingly, any award made and accepted by said Plaintiff for injuries set forth in the complaint must be reduced in such proportion to the extent that the injuries complained of were caused, aggravated, or contributed to by Plaintiff's failure to wear a seat belt and to have same operational at the time of the occurrence.

*WHEREFORE*, these answering defendants demand judgment dismissing the plaintiff's Verified Complaint against it, together with costs and disbursements of this action including

762935-1

reasonable attorneys' fees and such other relief as the court deems just and equitable.

DATED:      April _27_, 2006
            New York, New York

                                    Yours etc.

                                    ST. JOHN & WAYNE, L.L.C.
                                    Heron Tower, 70 East 55th Street
                                    New York, New York 10022
                                    (212) 446-5000
                                    Attorney for defendants, CC&S Corporation
                                    and Richard Diaz

                                    By: _____
                                        Timothy E. Shanley

TO:   Andrew Hirschhorn, Esq.
      One Cross Island Plaza, Suite 116
      Rosedale, NY  11422
      Attorneys for Plaintiff

762935-1

## VERIFICATION

TIMOTHY E. SHANLEY, being duly sworn, deposes and says that he is a member of the firm of ST. JOHN & WAYNE, L.L.C. and that he has read the contents of the foregoing and that it is true to his own knowledge, except as to the matters therein stated to be alleged on information and belief and that as to those matters deponent believes to be true.

( )   That deponent makes this verification because Plaintiff(s) resides outside of the county where deponent maintains his office.

( )   That deponent makes this verification because the defendant(s), is (are) a corporation(s) and deponent is their attorneys and deponent's knowledge is based upon all the facts and corporation records available and in deponent's possession.

(X)   That deponent makes this verification because the defendants reside outside of the county where deponent maintains his office.

_____
Timothy E. Shanley

Sworn and subscribed to
before me this 27 day of
April, 2006.

_____
CHERYLE A. CACACE
A Notary Public Of New Jersey
My Commission Expires 05/02/2006

762935-1

## AFFIDAVIT OF SERVICE

I, **CHERYLE A. CACACE**, hereby certify and state:

1. I am a legal secretary with the law firm of St. John & Wayne, L.L.C., attorneys for defendants in the above-captioned matter.

2. On April 27, 2006, I served a copy of the within Verified Answer upon:

Andrew Hirschhorn, Esq.
One Cross Island Plaza, Suite 116
Rosedale, NY 11422
Attorneys for Plaintiff

by depositing true copies of same enclosed in a post-paid properly addressed wrapper in a post office official depository under the exclusive care and custody of the United States Post Office.

3. Deponent is over 18 years of age and not a party.

_____
Cheryle Cacace

Sworn and subscribed to
before me this 27th day
of April, 2006.

_____
ELIZABETH LUGO
A Notary Public Of New Jersey
My Commission Expires August 3, 2008

762935-1